UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ILENE RUFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-01034-TWP-DKL |
| ) | |
| METHODIST/IU HOSPITAL, and ) | |
| METHODIST MEDICAL GROUP, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by Defendants Methodist/IU Hospital and Methodist Medical Group (collectively, "Methodist") (Filing No. 6). After being diagnosed with chronic hepatitis C, Plaintiff Ilene Ruffin ("Ms. Ruffin") requested medical records from Methodist in hopes of supporting her claim that she contracted chronic hepatitis C from two blood transfusions received at Methodist in 1996. In response to the records request, Methodist produced numerous medical records, but the records did not include laboratory reports from the time of Ms. Ruffin's blood transfusions. Ms. Ruffin filed this action, asserting a claim for spoliation of evidence by Methodist. Methodist promptly filed its Motion to Dismiss, asserting that this Court lacks subject matter jurisdiction over Ms. Ruffin's claim. For the following reasons, Methodist's Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Ms. Ruffin has received medical care at Methodist since as early as the 1980s. She is a citizen of Indiana. She alleges that Methodist also is a citizen of Indiana. In September 2010, Ms. Ruffin was diagnosed with chronic hepatitis C. She believes that she contracted the disease from two blood transfusions received at Methodist on August 8 and 9, 1996, and September 10 and 11,

1996. Even though she was a "constant patient" at Methodist, her disease was not diagnosed until September 2010.

On June 6, 2011, Ms. Ruffin filed a medical malpractice complaint against Methodist with the Indiana Department of Insurance pursuant to the Indiana Medical Malpractice Act ("the Act"). In accordance with the Act, a medical review panel convened to consider Ms. Ruffin's claim. During discovery, Ms. Ruffin requested medical records related to her claim. However, Methodist did not produce any records to her. Instead, Methodist sent a letter to her, explaining that the medical records that were requested had been purged. Thereafter, an attorney for Methodist contacted Ms. Ruffin to inform her that she would not be able to seek records directly from Methodist and would have to obtain any medical records through the attorney. Ms. Ruffin received four CDs from Methodist's attorney. The CDs contained Ms. Ruffin's medical records, and it was represented that the records were a complete compilation of all of Ms. Ruffin's records.

On July 28, 2014, Ms. Ruffin discovered that the records Methodist admitted to purging were the records relating to her laboratory reports from the time of her two blood transfusions in August and September 1996. It was these laboratory reports that formed the foundation of her medical malpractice complaint against Methodist filed with the Indiana Department of Insurance. While Methodist could not produce the laboratory reports from the time of her two blood transfusions in August and September 1996, it was able to produce other medical records dating back to the 1980s. Ms. Ruffin filed an amended complaint with the Indiana Department of Insurance on February 23, 2015, asserting allegations of spoliation of evidence.

Ms. Ruffin filed her Complaint in this Court on July 1, 2015. She used a "fill-in-the-blank" complaint form for "non-prisoner filers without lawyers." She asserts a claim for destruction of her medical records and alleges jurisdiction under 28 U.S.C. § 1331 for a civil action "arising

under the Constitution, laws, or treaties of the United States." (Filing No. 1 at 6.) On July 29, 2015, Methodist filed its Motion to Dismiss, asserting that this Court lacks subject matter jurisdiction over Ms. Ruffin's spoliation of evidence claim because it does not arise under federal statute or the United States Constitution.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co*., 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc*., 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co*., 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[1]

### III. DISCUSSION

Methodist argues that this Court lacks subject matter jurisdiction over Ms. Ruffin's spoliation of evidence claim because the claim does not arise under federal statute or the United States Constitution. Federal courts are courts of limited jurisdiction, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "[F]ederal question jurisdiction arises only when the complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996) (citation and quotation marks omitted). Methodist asserts that Ms. Ruffin's Complaint fails to cite any federal law that could form a basis for her claim. Rather, her claim for destruction of medical records is considered medical negligence, which is governed by the Indiana Medical Malpractice Act. *See Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 185–86 (Ind. 2011). Additionally, Methodist explains that Ms. Ruffin has already filed this same claim with the Indiana Department of Insurance, which has exclusive jurisdiction over a claim for destruction of medical records.

---

[1] The Court notes that:

> It is well established that courts are required to give liberal construction to pro se pleadings. However, it is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

Methodist points out that claims for medical malpractice are governed by the Indiana Medical Malpractice Act, Indiana Code § 34-18, *et seq.*, and that pursuant to the Act, before a claim can be filed in a court of law, a proposed complaint must be presented to a medical review panel, and the panel must issue an opinion regarding the claim. The Act grants subject matter jurisdiction over medical malpractice claims first to the medical review panel and then to the trial court. *H.D. v. BHC Meadows Hosp., Inc*., 884 N.E.2d 849, 853 (Ind. Ct. App. 2008). Methodist argues that Ms. Ruffin's claim for destruction of medical records is a medical malpractice claim falling under the purview of the Indiana Medical Malpractice Act, which grants exclusive jurisdiction to a medical review panel of the Indiana Department of Insurance and then the state trial court.

In concluding its argument, Methodist asserts that Ms. Ruffin has failed to cite any federal law to support her claim and that no factual allegations show that her claim is rooted in federal law or is dependent on the resolution of a substantial question of federal law. Her claim is a state law claim for the destruction of medical records—medical negligence. Furthermore, her claim is already pending in another jurisdiction, the Indiana Department of Insurance, which has exclusive jurisdiction over the claim.

In response to Methodist's Motion to Dismiss, Ms. Ruffin asserts that she "feels that the Indiana State Court lacks subject matter jurisdiction as well, no court probably has any jurisdiction over this complaint for Spoliation of medical evidence due to Indiana Code 16-39-7-1." ([Filing No. 9 at 1](#).) Under Indiana Code § 16-39-7-1, a health care provider "shall maintain the original health records or microfilms of the records for at least seven (7) years." Based on this statutory provision, Ms. Ruffin complains that her "rights were abolished" to ever file a lawsuit for spoliation of medical records because the medical records are from 1996, Methodist was required

5

to keep the records only seven years until 2003, and she was not diagnosed with hepatitis until 2010.

Ms. Ruffin explains that "Indiana State Court has no right to preside over any litigation plaintiff brings concerning Spoliation of Evidence since State Law abandons and leaves plaintiffs medical records and rights unprotected in 2003 according to IC 16-39-7-1". (Filing No. 9 at 2.) She further asserts that the "courts have failed to provide a remedy and relief and a just solution for a Plaintiff with a cause of action concerning spoliation of evidence that becomes diagnosed after the statute of limitations for medical record retention." (Filing No. 9 at 4.) And "because of IC 16-39-7-1 Plaintiff has no rights." (Filing No. 9 at 5.) She concludes that Indiana state courts are "unable to provide a fair judgment for a plaintiff that is diagnosed and then files a medical malpractice complaint after the medical record retention schedule expires," and asks, "[w]hat remedy or relief can a [sic] injured plaintiff in this situation seek or ever expect to receive?" *Id.*

Ms. Ruffin's response to Methodist's Motion to Dismiss is a general plea to "justice and fairness" and possibly a lack of due process. However, Ms. Ruffin's Complaint fails to allege any due process claims or other federal claims. Instead, her Complaint alleges a state law claim for destruction of her medical records. She does not show that her Complaint asserts a claim arising under federal law or a claim that is dependent on the resolution of a substantial question of federal law. In fact, Ms. Ruffin's response makes no mention of any federal law. Thus, Ms. Ruffin has failed to meet her burden of establishing that this Court has federal question jurisdiction. Additionally, Ms. Ruffin cannot establish jurisdiction under the Court's diversity jurisdiction because she has alleged that she is a citizen of Indiana and that Methodist also is a citizen of Indiana.

## IV.  CONCLUSION

For the foregoing reasons, Defendants Methodist/IU Hospital's and Methodist Medical Group's Motion to Dismiss (Filing No. 6) is **GRANTED**.  Ms. Ruffin's Complaint is **dismissed without prejudice**.  Ms. Ruffin is granted leave to file an amended complaint within **thirty (30) days** of the date of this Order. If nothing is filed, the dismissal will convert to one with prejudice and final judgment will issue.

**SO ORDERED.**

Date: 1/15/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ilene Ruffin
1431 North Tremont Street
Indianapolis, Indiana  46222

Elizabeth A. Schuerman
BOSE MCKINNEY & EVANS, LLP
eschuerman@boselaw.com