UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ILENE RUFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-1034-TWP-DKL |
| | ) | |
| METHODIST/IU HOSPITAL, and | ) | |
| METHODIST MEDICAL GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendants Methodist/IU Hospital and Methodist Medical Group (collectively, "Methodist") (Filing No. 17).  After being diagnosed with chronic Hepatitis C, *pro se* Plaintiff Ilene Ruffin ("Ms. Ruffin") requested medical records from Methodist in hopes of supporting her claim that she contracted chronic Hepatitis C from two blood transfusions that she received at Methodist in 1996.  In response to the records request, Methodist produced numerous medical records, but the records did not include laboratory reports from the time of Ms. Ruffin's blood transfusions.  Ms. Ruffin filed this action, asserting that her right to due process was violated because Methodist spoliated evidence thereby depriving her of a fair trial in state court for medical malpractice.  Methodist filed its Motion for Summary Judgment, asserting that Methodist is not a state actor thereby entitling it to summary judgment on Ms. Ruffin's claims under 42 U.S.C. § 1983 and the Fourteenth Amendment. For the following reasons, the Court **GRANTS** Methodist's Motion.

# I.  <u>BACKGROUND</u>

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Ms. Ruffin as the non-moving party.  *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Ms. Ruffin has received medical care at Methodist since as early as the 1980s.  She had been a "constant patient" of Methodist until 2008.  In conjunction with medical procedures, Ms. Ruffin received two blood transfusions at Methodist in August and September 1996.  Fourteen years later, Ms. Ruffin was diagnosed with Hepatitis C in September 2010.  She surmises that she contracted the disease from the two blood transfusions received at Methodist in 1996 (Filing No. 12 at 2–3).

After being diagnosed with Hepatitis C in September 2010, Ms. Ruffin requested her medical records from Methodist.  Methodist produced numerous medical records, but the records did not include laboratory reports from the timeframe when Ms. Ruffin had received the blood transfusions in 1996.

On June 6, 2011, Ms. Ruffin filed a proposed medical malpractice complaint against Methodist with the Indiana Department of Insurance pursuant to the Indiana Medical Malpractice Act ("the Act").  In accordance with the Act, a medical review panel convened to consider Ms. Ruffin's claim.  During discovery, Ms. Ruffin requested additional medical records related to her claim; however, Methodist did not produce additional records.  Rather, Methodist sent a letter to Ms. Ruffin through its attorney, explaining that the medical records had been purged in accordance with Methodist's records retention policy and Indiana Code § 16-39-7-1.  Methodist's attorney informed Ms. Ruffin that she could not seek records directly from Methodist and would have to

seek records through the attorney.  Later, Methodist's attorney produced to Ms. Ruffin four CDs, which contained all of Ms. Ruffin's medical records.  The medical review panel proceeded to consider Ms. Ruffin's claim, and it was determined that her claim for medical malpractice was not viable.

In July 2014, Ms. Ruffin determined that the medical records Methodist admitted to purging were the records relating to her laboratory reports from the timeframe of the 1996 blood transfusions.  In a letter dated July 28, 2014 Mr. Ruffin contacted Methodist risk management department and demanded any and all laboratory reports that were directly related to her claims. While Methodist was not able to produce the laboratory reports from the time of her blood transfusions in 1996, it was able to produce other medical records dating back to the 1980s. Ms. Ruffin concluded that it was these laboratory reports that formed the basis of her medical malpractice claim against Methodist.  On January 9, 2015 Ms. Ruffin contacted Methodist risk management again, to give them an update and to show that she had identified the precise laboratory reports, however, Methodist failed to respond. On February 23, 2015, Ms. Ruffin filed an amended proposed complaint with the Indiana Department of Insurance, asserting allegations of spoliation of evidence.  In response, Methodist filed a motion for a preliminary determination of law and a motion for summary judgment in state court, and Ms. Ruffin's claim was disposed of in favor of Methodist by the state court.

On July 1, 2015, Ms. Ruffin filed her Complaint in this Court.  She asserted a claim for spoliation of evidence.  Because her claim was a state law claim between two citizens of the same state, the Court dismissed the Complaint for lack of subject matter jurisdiction.  The Court granted leave to Ms. Ruffin to amend her Complaint to assert a federal claim (Filing No. 11 at 7).

Ms. Ruffin filed her Amended Complaint on February 11, 2016.  She used a "fill-in-the-blank" complaint form for "non-prisoner filers without lawyers."  (Filing No. 12.)  She asserted a claim for violation of her due process rights under the Fourteenth Amendment and under 42 U.S.C. § 1983 based on the destruction of her medical records and the resulting alleged unfair state court proceedings.  Methodist filed its responsive pleading, denying any liability, and on April 19, 2016, Methodist filed its Motion for Summary Judgment, asserting that it is not a state actor and its actions are not otherwise attributable to the State of Indiana.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007).  In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584 (citation omitted).  "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion."  *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial."  *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence."  *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

The Court notes that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

> However, it is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

### III. DISCUSSION

Methodist requests summary judgment on Ms. Ruffin's Fourteenth Amendment and Section 1983 due process claim on the basis that Methodist is not a state actor and its actions are not attributable to the State of Indiana. Because Ms. Ruffin's claim only can be brought against a state actor, Methodist asserts that it is entitled to summary judgment.

The Fourteenth Amendment to the U.S. Constitution provides "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." Furthermore, Section 1983

provides that "[e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  "Section 1983 imposes liability when a defendant acts under color of state law and violates a plaintiff's rights under the Constitution or laws of the United States."  *Pittman v. County of Madison*, 746 F.3d 766, 775 (7th Cir. 2014).

Methodist designates substantial evidence showing that it is a private entity, and based on its non-state actor character, asserts that it cannot be liable for violations of the Fourteenth Amendment or Section 1983.  Ms. Ruffin simply responds that she never alleged that Methodist was a state actor and that, regardless, Methodist still violated her due process rights.

However, in order to be liable under 42 U.S.C. § 1983 and the Fourteenth Amendment, a defendant must be a state actor or its actions must be fairly attributable to the state.  Methodist points to various cases to support its argument regarding this long-standing principle.

Private entities generally cannot be liable for violations of 42 U.S.C. § 1983 or the Fourteenth Amendment.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837–38 (1982); *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982); *Tunca v. Lutheran General Hosp.*, 844 F.2d 411, 413 (7th Cir. 1988).  "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?"  *Rendell-Baker*, 457 U.S. at 838 (citation and quotation marks omitted).  As Methodist points out, "[a]t its most basic level, the state action doctrine requires that a court find such a close nexus between the State and the challenged action that the challenged action may be fairly treated as that of the State itself."

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) (citations and quotation marks omitted).

In explaining whether a private entity can be held liable for acting under "color of state law," the Seventh Circuit noted that a state must either "(1) effectively direct[] or control[] the actions of the private party such that the state can be held responsible for the private party's decision; or (2) delegate[] a public function to a private entity." *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004) (citation and quotation marks omitted).

Quoting from *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996), Methodist explains, "[t]he simple fact that a private entity performs a function that serves the public does not transform its conduct into state action.  A private entity may be deemed a state actor, however, if it performs functions that are traditionally the exclusive prerogative of the State."  Methodist further explains, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974).

Methodist designated evidence showing that Defendants Methodist/IU Hospital and Methodist Medical Group are not "part of the State of Indiana" and that their incorporation documents indicate they are "private, non-profit organizations . . . expressly disclaim[ing] affiliation with the State of Indiana." (Filing No. 18 at 9).  Ms. Ruffin did not dispute this fact and did not designate any evidence to create a dispute.

Methodist points to a recent Seventh Circuit opinion where the court held that IU Health (under which Methodist/IU Hospital falls) is not a state actor and was not acting under color of state law when it terminated a physician's hospital privileges.  *See Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970–71 (7th Cir. 2016).  Methodist also points to cases from other

7

circuits that explain non-profit corporations or hospitals are not converted into state actors for purposes of Section 1983 simply because public officials are serving on the board of directors. *See Crowder v. Conlan*, 740 F.2d 447, 451–52 (6th Cir. 1984); *Schmitz v. Upper Des Moines Opportunity, Inc.*, 2009 U.S. Dist. LEXIS 86401 (N.D. Iowa Sep. 21, 2009). Additionally, Methodist notes, "[m]ere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment." *Blum*, 457 U.S. at 1004–05.

Ms. Ruffin's claim is based on Methodist's purging medical records that were more than seven years old. Indiana Code § 16-39-7-1 requires medical records to be retained at least seven years. After the seven year retention period has expired, medical providers are permitted to destroy old records or continue retaining them. The State of Indiana, by this statute, does not require private entities to destroy medical records after seven years. It simply requires retention for seven years. As the Supreme Court explained, "[t]he mere fact that a business is subject to state regulation does not itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson*, 419 U.S. at 350.

Methodist's actions of purging medical records after more than seven years cannot fairly be treated as that of the State of Indiana, and there is no close nexus between Indiana and the challenged action. Acting in accordance with an Indiana statute—by not purging medical records before seven years had passed—did not convert Methodist's actions into actions that are fairly attributable to Indiana. There is no designated evidence to establish any nexus between the State of Indiana and the destruction of Ms. Ruffin's old medical records by Methodist.

Methodist asserts, and the Court agrees, that the State of Indiana has not delegated a public function to Methodist. The State of Indiana has not performed a public function of maintaining

and destroying the medical records of private medical facilities.  There is no designated evidence to the contrary.

Methodist is not a state actor, its actions of purging old medical records cannot be attributed to the State of Indiana, and it was not acting under color of state law.  Because of these facts, Ms. Ruffin's claim under the Fourteenth Amendment and 42 U.S.C. § 1983 cannot be sustained.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Methodist/IU Hospital and Methodist Medical Group's Motion for Summary Judgment (Filing No. 17) is **GRANTED**.  Final judgment will issue under separate order.

**SO ORDERED.**

Date: 3/1/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ilene Ruffin
1431 North Tremont Street
Indianapolis, Indiana  46222

Elizabeth A. Schuerman
BOSE MCKINNEY & EVANS, LLP
eschuerman@boselaw.com